IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| EDDIE A. NUNNELLEY, JR., PRO SE, | § | |
| aka EDDIE ALAN NUNNELLEY, | § | |
| aka EDDIE ALAN JUNIOR NUNNELLEY, | § | |
| aka E. A. NUNNELLEY, | § | |
| TDCJ-CID No. 1186691, | § | |
| Previous TDCJ-CID No. 325647, | § | |
| FEDERAL ID No. 20749-077, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0230 |
| | § | |
| BRAD LIVINGSTON, Executive Director | § | |
| TDCJ; RISSI OWENS, Exec. Director TX. | § | |
| Pardons & Parole; CHARLES McDUFFIE, | § | |
| Warden; and PENNY PONDER, ADM. Asst., | § | |
| | § | |
| Defendants, | § | |

**REPORT AND RECOMMENDATION**

Plaintiff EDDIE A. NUNNELLEY, JR., acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his complaint, plaintiff claims the defendants are taking his and other inmates' property, in the form of labor, and are crediting plaintiff and the other inmates with "compelled benefits," that is, good time credits, but that the credits result in no benefit to plaintiff.

Plaintiff requests declaratory judgment, unspecified injunctive relief, and an award of damages in an unspecified amount.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff attempts to clothe his claims in terms of contract law; however, plaintiff's claim does not sound in contract. Plaintiff speaks of a quasi-contract by which he is forced to work and to accept goodtime credits in exchange but that such credits are of no benefit to him.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

There is no contract or quasi-contract between plaintiff and the defendants, and none is needed. An inmate may be required to work without pay[3]. The only claim triggered by forced labor is one of slavery; however, "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001). Whether the requirement to work violates or comports with state law is a separate, non-constitutional issue. *Id*.

Thus, plaintiff may be required to work without receiving anything of value in return, whether in the form of money, goodtime credits, or some other benefit. Plaintiff complains that he does not benefit by receipt of goodtime credits, but does not explain whether that is because he is in a line class that precludes the accumulation of goodtime credits, because he is ineligible for mandatory supervised release, or for some other reason. Nevertheless, since requiring an inmate to work without payment of any sort does not violate the United States Constitution, the fact that plaintiff finds goodtime credits to be worthless is immaterial.

Plaintiff complains that there is no due process before requiring him to work and no due process in dealing with his complaints against being required to work. The Fourteenth Amendment's Due Process Clause "legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation, affecting life, liberty and property, as is offered by the Fifth Amendment against similar legislation by Congress." *Hibben v. Smith*, 191 U.S. 310, 325, 24 S.Ct. 88, 48 L.Ed. 195 (1903). Nevertheless, as already discussed, while he is imprisoned, plaintiff does not have a federally-protected liberty or property

---

[3]The Thirteenth Amendment abolishes "slavery [and] involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted. . ." *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *superseded and reinstated* on this point by *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991), (quoting the Thirteenth Amendment to the United States Constitution, section 1).

interest in his labor as mandated by the prison system, and, therefore, no due process is required in connection with his job assignments or to resolve complaints about his work, per se.

For the reasons set forth above, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff EDDIE A. NUNNELLEY, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The United States District Clerk shall transmit a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED THIS   11th           DAY OF DECEMBER 2013.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).