IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE A. NUNNELLEY, JR., PRO SE, <br> aka EDDIE ALAN NUNNELLEY, <br> aka EDDIE ALAN JUNIOR NUNNELLEY, <br> aka E. A. NUNNELLEY, <br> TDCJ-CID No. 1186691, <br> Previous TDCJ-CID No. 325647, <br> FEDERAL ID No. 20749-077, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM STEPHENS, <br> RISSI OWENS, and <br> GREG ABBOTT, <br><br> Defendants, | § § § § § § § § § § § § § § § § § § § | 2:13-CV-0230 |

**ORDER OF DISMISSAL**

Plaintiff EDDIE A. NUNNELLEY, JR., while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed suit pursuant to Title 42, United States Code, section 1983 complaining against Brad Livingston, Rissi Owens, Charles McDuffie, and Penny Ponder. On January 3, 2014, plaintiff amended his complaint to sue the above-styled defendants employed or otherwise associated with the Texas Department of Criminal Justice and has been granted permission to proceed *in forma pauperis*.

On December 11, 2013, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous.

Plaintiff filed his Objections and his Motion to Amend Suit, with a copy of the proposed amended complaint, on December 27, 2013. Plaintiff's motion to amend was granted January 3, 2014.

By his Objections, and by his original and his amended complaints, plaintiff attempts to advance what he feels are novel issues of law, such as all crimes are "commercial crimes," that is, violations of the Uniform Commercial Code and that the Uniform Commercial Code definition of a "person" is the only applicable definition. On this foundation, plaintiff attempts to mount a challenge to his forced labor while in prison and the way goodtime and work credits are handled by the Board of Pardons and Paroles. Plaintiff's argument is not novel; it is simply erroneous. "[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001). As to goodtime or work credits, there is no constitutional requirement that such credits be given to inmates for any reason, and plaintiff has not shown that the way such credits are handled in the Texas prison system violates any federally protected right.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections and the amended complaint filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court. The Court finds plaintiff's amended complaint does not does not cure the frivolous nature of his claims and that the claims set forth therein are subject to

dismissal under the analysis and for the reasons set forth in the December 11, 2013 Report and Recommendation.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by

EDDIE A. NUNNELLEY, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of January, 2014.

_____
MARY LOU ROBINSON
United States District Judge